936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James EVEGELATOS, Petitioner-Appellant,
v.
Richard THORNBURG, et al., Respondents-Appellees.
 No. 89-3165.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided June 24, 1991.
 
 Before WOOD, Jr., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-Appellant, James Evegelatos, filed a motion under 28 U.S.C. Sec. 2241 in the District Court for the District of Kansas. That court determined that the claim raised by the petitioner was properly categorized as a motion under 28 U.S.C. Sec. 2255. Thus, on its own motion the district court in Kansas transferred the case to the Central District of Illinois, the district where Evegelatos was convicted and sentenced. After the transfer, the District Court for the Central District of Illinois dismissed the motion without requiring an answer. This appeal followed.
 
 
 2
 Initially, Evegelatos alleges that the District Court for the Central District of Illinois improperly exercised jurisdiction over his Sec. 2255 motion. Evegelatos maintains that the motion should have been resolved in Kansas where he filed his original petition. The substance of Evegelatos' claim is that the United States and its agents were without jurisdiction to proceed against him in the criminal action for which he is currently incarcerated. Section 2255 is the exclusive remedy for a prisoner who asserts that the sentencing court's judgment was rendered without jurisdiction. The proper forum for Evegelatos to raise his collateral attack to a criminal judgment is the court in which the judgment was entered. See Page v. United States, 884 F.2d 300, 302 (7th Cir.1989). Evegelatos entered his guilty plea in the District Court for the Central District of Illinois; therefore, that court properly exercised jurisdiction over Evegelatos' Sec. 2255 motion.
 
 
 3
 Petitioner's jurisdictional argument appears to be two-fold. He asserts that the Congress did not have the authority to criminalize the conduct that lead to his mail fraud conviction. Article I, section 8, clause 18 of the United States Constitution provides in relevant part that "the Congress shall have Power ... To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by this Constitution in the Government of the United States, or in any Department or Officer thereof." Thus, Congress was acting within its power when it defined the crime of mail fraud. Petitioner's claim to the contrary is wholly without merit. Evegelatos is apparently also challenging the jurisdiction of the district court to hear the case against him and impose sentence. Article III, section 2, clause 1 of the Constitution specifically vests jurisdiction in the federal district courts over individuals charged with a federal crime. In this instance, Evegelatos was charged with violating a federal statute. As such, the district court had the power to accept the guilty plea and impose sentence.
 
 
 4
 Finally, Evegelatos asserts that the district court improperly dismissed his claim for injunctive relief. Evegelatos complains of his treatment in prison since he filed his Sec. 2255 motion, apparently attempting to assert a retaliation claim. If Evegelatos decides to pursue that claim, he must do so in accordance with 42 U.S.C. Sec. 1983 in the district court where he is confined. The district court below correctly concluded that the injunctive relief claim could not be pursued in Illinois; therefore, it properly dismissed the claim.
 
 
 5
 For all of the foregoing reasons, the decision of the district court is hereby
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record